IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MARCUS FIELDS                                                          PLAINTIFF

       v.                  Civil No.  11-2186

CAROL WEBB, Razorback
Cab Company; RUSTY WEBB,
Mechanic; MICHAEL EUDEKAS,
OK Foods Warehouse; and
ALESHIA WEBB                                                          DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff, Marcus Fields, pursuant to 42 U.S.C. § 1983.

Plaintiff proceeds *pro se*.  Plaintiff is incarcerated at the Arkansas Department of Correction, East

Arkansas Regional Unit, in Brickeys, Arkansas.  The case is before me for preservice screening under

the provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915A.

### 1.  Background

According to the allegations of the complaint, Plaintiff lived with Carol Webb, her ex-husband,

Rusty Webb, her daughter, Aleshia Webb, and her son, Michael Eudekas.  Plaintiff paid rent in the

amount of $150 monthly.   On September 28, 2011, they were evicted for non-payment of rent.

Plaintiff alleges that while Carol Webb collected rent from him she did not pay her landlord.

Plaintiff alleges that on the evening of September 27th, Eudekas told his parents that Plaintiff

had raped him sixteen years ago.  Plaintiff was asked to leave.  Plaintiff had some friends go back to

the house to collect his property but the Webbs refused to give Plaintiff's property to his friends.

Plaintiff then contacted the landlord and was told that after the Webbs moved out Plaintiff

could get his property.  When Plaintiff went back to the house to pick up his property, the property was

gone and he was arrested for a crime on which he asserts the statute of limitations should have run.

-1-

As relief, Plaintiff asks for the return, or replacement, of his property.

**2.  Discussion**

Under the PLRA's screening provisions, the Court must determine whether the cause of action stated in the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § § 1915(e)(2)(B) & 1915A(b).  A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  To state a claim under 42 U.S.C. § 1983, as Plaintiff is attempting to do here, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law.  *See West v. Atkins,* 487 U.S. 42, 48 (1988).  Although "'detailed factual allegations are not required,'" a complaint must include enough facts to "'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal,*  129 S. Ct. 1937, 1949-50 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949.  While pro se complaints are to be construed liberally, courts must still apply the "plausibility standard."  *See Ventura-Vera v. Dewitt*, 2011 WL 2184269, *1 (8th Cir. June 7, 2011).

Plaintiff's claims are clearly subject to dismissal.  First, in general, private citizens do not act under color of state law for purposes of § 1983.  *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990).  While private parties who conspire with state actors may be held liable under § 1983, *see e.g., Sanders v. Sears, Roebuck & Company*, 984 F.2d 972, 975 (8th Cir. 1993); *Smith v. Bacon*, 699 F.2d 434, 436 (8th Cir. 1983), Plaintiff has not alleged the existence of a conspiracy between the Defendants and any government officials in regard to his property.

-2-

Second, in regard to the criminal charges filed against Plaintiff, a private individual who complains of criminal conduct and is a witness for the prosecution does not act under color of law. *See e.g., Grow v. Fisher*, 523 F.2d 875, 879 (7th Cir. 1975)("The mere fact that the individual defendants were complainants and witnesses in an action which itself was prosecuted under color of law does not make their complaining or testifying other that what it was, *i.e.,* the action of private persons not acting under color of law."); *Rodgers v. Lincoln Towing Service, Inc.*, 596 F. Supp. 13, 21 (N.D. Ill. 1984), *aff'd*, 771 F.2d 194 (7th Cir. 1985)(A private citizen does not act under color of law when reporting a crime). Moreover, these Defendants are absolutely immune as witnesses in a criminal proceeding. *Briscoe v. LaHue*, 460 U.S. 325, 103 S. Ct. 1108, 75 L. Ed. 2d 96 (1983)(A witness at trial has absolute immunity from suit under § 1983 for giving false testimony damaging to a subject of that testimony).

### 3. Conclusion

For the reasons stated, the claims are frivolous and/or fail to state claims upon which relief may be granted. The complaint should be dismissed with prejudice. The dismissal of this case will constitute a strike under 28 U.S.C. § 1915(g) and the Clerk should be directed to place a § 1915(g) strike on the case.

**Plaintiff has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 15th day of November 2011.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

-3-