IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MARCUS FIELDS                                                                                    PLAINTIFF

v.                              Civil No.  11-2186

CAROL WEBB, Razorback
Cab Company; RUSTY WEBB,
Mechanic; MICHAEL EUDEKAS,
OK Foods Warehouse; and
ALESHIA WEBB                                                                                   DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the undersigned for report and recommendation is the Plaintiff's motion for leave to appeal *in forma pauperis* (IFP) (Doc. 9).  Plaintiff filed this action pursuant to 42 U.S.C. § 1983 on September 30, 2011.  In his complaint, Plaintiff alleged that he lived with Carol Webb, her ex-husband, Randy Webb, her daughter Aleshia Webb, and her son, Michael Eudekas.  Plaintiff paid rent in the amount of $150 monthly.

On September 27th, Eudekas told his parents that Plaintiff had raped him sixteen years ago.  Plaintiff was asked to leave.  When he attempted to have friends collect his property, the Webbs refused to release it.

On September 28th, the Webbs were evicted for non-payment of rent.  Although Plaintiff was told by the landlord that he could pick up his property, it was gone when he arrived.  Plaintiff was arrested and charged with a crime on which he asserts the statute of limitations had run.

As was discussed in greater detail in the report and recommendation filed on November 15, 2011 (Doc. 6), all of Plaintiff's claims were subject to dismissal.  First, as private citizens,

the Webbs are not subject to suit. *See e.g., Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990). Second, as criminal complainants the Webbs were not acting under color of state law for purposes of § 1983 and are immune from suit as witnesses in a criminal proceeding. *See e.g., Grow v. Fisher*, 523 F.2d 875, 879 (7th Cir. 1975)("The mere fact that the individual defendants were complainants and witnesses in an action which itself was prosecuted under color of law does not make their complaining or testifying other that what it was, *i.e.,* the action of private persons not acting under color of law."); *Rodgers v. Lincoln Towing Service, Inc.*, 596 F. Supp. 13, 21 (N.D. Ill. 1984), *aff'd*, 771 F.2d 194 (7th Cir. 1985)(A private citizen does not act under color of law when reporting a crime); *see also Briscoe v. LaHue*, 460 U.S. 325 (1983)(A witness at trial has absolute immunity from suit under § 1983 for giving false testimony damaging to a subject of that testimony).

Pursuant to 28 U.S.C. § 1915(a)(3) "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." As all claims were clearly frivolous and/or asserted against individuals immune from suit, any appeal would not be taken in good faith. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

I therefore recommend that the motion for leave to appeal be denied as the appeal is not taken in good faith, 28 U.S.C. § 1915(a)(3). I further recommend that the clerk be directed to collect the $455 filing fee pursuant to the terms of the Prison Litigation Reform Act. Plaintiff may, of course, renew his motion for leave to appeal IFP with the Court of Appeals for the Eighth Circuit. Fed. R. App. P. 24(a).

**The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

-2-

**objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 15th day of December 2011.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)